UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| Kristine Ray<br><br>       Plaintiff,<br><br>v.<br><br>Medicredit, Inc.<br><br>       Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Clinton, WA at all times relevant to this action.

2. Defendant is a Missouri corporation that maintained its principal place of business in St. Louis, MO at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Care Ambulance, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around October 13, 2011, Plaintiff telephoned Defendant in response to a collection letter Plaintiff received and spoke with Defendant's agent or employee named "Ezmi." During this communication, Plaintiff requested the telephone number for Care Ambulance. Ezmi falsely represented that Defendant had no way of contacting Care Ambulance. Plaintiff then asked if Defendant was a collection agency. Ezmi emphatically stated that Defendant was not a collection agency. Ezmi then contradicted the earlier statement by falsely representing that Defendant was a department of Care Ambulance. At no time during this communication did Defendant state or admit that Defendant was a debt collector calling in connection with the collection of a debt.

14. During this communication, Plaintiff attempted to explain that Plaintiff had insurance that covered the alleged debt. Ezmi yelled at Plaintiff and falsely represented that it was too late for Plaintiff to bill her insurance.

15. During this communication, Plaintiff explained that a bill was never received at the address Defendant had on file. Ezmi responded by shouting that Plaintiff could not receive bills because Plaintiff was homeless.

16. On or around October 18, 2011, Defendant's agent or employee Anthony telephoned Plaintiff in connection with the collection of the debt.

17. During this communication, Anthony stated that he had just contacted Care Ambulance, contradicting Ezmi's earlier statement that Defendant had no way of contacting Care Ambulance.

18. Plaintiff suffers from psychological, nervous, and neurological disorders that were exacerbated by Defendant's actions.

19. Defendant caused Plaintiff emotional distress.

20. Defendant violated the FDCPA.

### COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

22. In support hereof, Plaintiff incorporates paragraph 13, 16-17 as if specifically stated herein.

### COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Defendant violated 15 U.S.C. §1692e11 by failing to disclose that the communication is from a debt collector in connection with the collection of the debt.

24. In support hereof, Plaintiff incorporates paragraph 13 as if specifically stated herein.

### COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

25. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the debt.

26. In support hereof, Plaintiff incorporates paragraph 15 as if specifically stated herein.

### JURY DEMAND

27. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

28. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey Bankruptcy Law, P.C.

By:    */s/ Mona Lisa C. Gacutan*
Mona Lisa C. Gacutan
WSBA #39344
600 Stewart St, Ste 720
Seattle, WA  98101
Tel:  1.866.339.1156
Fax: 1.312.822.1064
Email:  mgacutan@maceybankruptcylaw.com
*Attorney for Plaintiff*